**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| John Limon Frausto,<br>Petitioner<br>-vs-<br>State of Arizona, et al.,<br>Respondents. | CV-14-2049-PHX-DLR (JFM)<br><br>**Report & Recommendation<br>on Petition for Writ of Habeas Corpus** |

### I. MATTER UNDER CONSIDERATION

Petitioner, presently incarcerated in the Arizona State Prison Complex at Tucson, Arizona, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 5, 2015 (Doc. 9). On June 1, 2015 Respondents filed their Response (Doc. 15). Petitioner has not filed a Reply.

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
#### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On March 21, 2003, a Direct Complaint (Exhibit A) was filed in Maricopa County Superior Court against Petitioner and an accomplice, Ozuna, charging them with armed robbery. (Exhibits to the Answer, Doc. #, are referenced herein as "Exhibit ___.") On March 28, 2003, an equivalent Indictment (Exhibit C) was filed.

Counsel was appointed, who filed a motion for a competency evaluation ("Rule

1

11 Prescreen") (Exhibit D).  A competency screening was ordered (Exhibit E, Order 7/28/03), and then a full evaluation (Exhibit F, Order 8/27/03).  After evaluation, the Court found Petitioner incompetent to stand trial, and ordered treatment for restoration. (Exhibit G, Order 11/20/03.)  Continued treatment was ordered on February 17, 2004 (Exhibit H), and April 12, 2004 (Exhibit I), until on June 10, 2004, Petitioner was deemed competent to stand trial (Exhibit J).

Petitioner then advised the Court of his intent to assert a defense of insanity. Accordingly, mental health experts were appointed to evaluate Petitioner.  (Exhibit K, Order 6/18/04.) Eventually, the matter was set for trial on November 16, 2014.  (Exhibit N, M.E. 11/9/4.)  However, on November 15, 2014, defense counsel reported fear of returned psychosis and that Petitioner reported not taking his medication.  The trial court found that Petitioner was exhibiting signs of mental illness, and he was referred back to the state hospital for evaluation.  (Exhibit BBB, R.T. 11/15/04 at 51-54; Exhibit P, M.E. 11/15/04.)  A mental health evaluation was filed, diagnosing Petitioner with "malingering," based in large part upon his behavior during recorded phone calls he had made while in jail which had been provided by the prosecution.  (Exhibit Q at 6.)

The matter was again set for trial on February 21, 2005.  (Exhibit R, M.E. 1/7/05.) Trial eventually began February 23, 2005.  The jury returned a verdict of guilty on the charge of armed robbery and found it to be a dangerous offense.  (Exhibit GGG, R.T. 3/1/05 at 74.)  Trial then proceeded on the aggravating factors, with the jury finding the presence of an accomplice.  (*Id.* at 94.)

On April 7, 2005, after a finding of seven prior felony convictions, Petitioner was sentenced to an aggravated term of 22 years in prison.[1]  (Exhibit T, Sentence; Exhibit HHH, R.T. 4/7/05.)

/ /

---

[1] Petitioner's accomplice, Ozuna, had previously entered into a Plea Agreement (Exhibit YY; Exhibit ZZ, M.E. 10/16/03), and was convicted and sentenced to a presumptive sentence of 10.5 years.  (Exhibit AAA, Sentence 10/28/03.)

**B.     PROCEEDINGS ON DIRECT APPEAL**

Petitioner then filed a direct appeal, with counsel filing an Opening Brief (Exhibit V) alleging sentencing errors through the use of a stale prior conviction as an aggravating circumstance, and using a prior conviction that was not alleged for enhancement purposes. On December 19, 2006, the Arizona Court of Appeals issued its Memorandum Decision (Exhibit X) affirming the conviction and sentence.

Counsel declined to file a petition for review (Exhibit Y, Letter), and filed a Motion for Extension of Time to File Petition for Review (Exhibit Z) to permit Petitioner to proceed *pro se*. Petitioner was given through February 22, 2007 to do so. (Exhibit AA, Order 1/11/07.)

Petitioner did not do so, and on March 12, 2007, the Arizona Court of Appeals issued its Order and Mandate (Exhibit BB).

**C.     PROCEEDINGS ON POST-CONVICTION RELIEF**

**First PCR Proceeding** – On March 28, 2007, Petitioner filed a Notice of Post-Conviction Relief (Exhibit CC). Counsel was appointed, but filed a motion to withdraw based upon a conflict of interest. (Exhibit EE.) Substitute counsel eventually filed a Notice of Completion of Review (Exhibit HH) evidencing an inability to find an issue for review. Counsel was ordered to remain in an advisory capacity, and Petitioner was granted leave to file a *pro per* PCR petition. (Exhibit II, Order 12/20/07.) Petitioner failed to do so, and on March 17, 2008, the proceeding was dismissed. (Exhibit JJ, Order 3/17/08.) That Order was filed March 24, 2008. (*Id.*) Petitioner did not seek further review.

**Second PCR Proceeding** - Some two years later, Petitioner sought leave to file a delayed petition, arguing that he had sent a *pro per* petition to counsel for filing, but counsel failed to file it. (Exhibit KK, Motion 4/12/10; Exhibit LL, Motion 4/16/10; Exhibit MM, Motion 4/19/10.) On June 28, 2010, the Court denied the motion(s), finding Petitioner failed to establish he was entitled to file a delayed Petition under Ariz.

R. Crim. P. 32.4 and 32.2(b).

**Third PCR Proceeding** - On July 6, 2012, Petitioner filed a Motion to Reinstate Rule 32 Proceedings (Exhibit RR), on September 10, 2012 a "Notice to Apprise Court of Exhaustion of All State Remedies" (Exhibit SS), and on February 11, 2013 a "Notice to the Record" (Exhibit TT).[2]  On February 28, 2013, the Motion to Reinstate was denied. (Exhibit UU, M.E. 3/1/13.)

On March 18, 2013, Petitioner filed a Petition for Review (Exhibit VV) with the Arizona Court of Appeals, seeking review of the order of February 28, 2013.  On August 26, 2014, that court granted review, observed that the trial court had treated the proceeding as Petitioner's "third successive petition for post-conviction relief," and concluded that the claims raised were either precluded under Ariz. R. Crim. P. 32.2(a) because not raised in prior proceedings, and any assertion of newly discovered evidence was unsupported by any allegations of newly discovered evidence, or not properly raised because not previously raised to the trial court.  Accordingly, relief was denied.  (Exhibit WW, Mem. Dec. 8/26/14.)

Petitioner did not seek further review, and on October 15, 2014, the Arizona Court of Appeals issued its Mandate (Exhibit XX).

D. **PRESENT FEDERAL HABEAS PROCEEDINGS**

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 15, 2014 (Doc. 1). On January 15, 2015, that Petition was dismissed with leave to amend on the basis that Petitioner had not named a proper respondent, but had instead named the State of Arizona and Arizona Attorney General.

On February 5, 2015, Petitioner filed his Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 9).  In the Amended Petition, Petitioner

---

[2] In the interim, Petitioner had filed an "Opening Brief" (Exhibit QQ) with the Arizona Court of Appeals challenging prison disciplinary actions.

4

raises the following four claims:

> In Ground One, he argues that his trial counsel's performance was constitutionally deficient because counsel did not request a preliminary hearing and failed to accurately convey Petitioner's "realistic chances in prevailing at trial." In Ground Two, Petitioner appears to argue that his due process rights were violated when his co-defendant accepted a plea agreement and received a ten-year prison sentence. In Ground Three, Petitioner alleges that his trial was marred by prosecutorial misconduct. In Ground Four, he contends that his due process rights were violated by the trial court's jury instructions.

(Service Order 3/6/15, Doc. 10 at 2.)

**Response** - On June 1, 2015, Respondents filed their Response ("Answer") (Doc. 15). Respondents argue that the Amended Petition is barred by the statute of limitations (*id.* at 20 *et seq.*), the claims are too vague to warrant relief (*id.* at 26), and his state remedies on all of his claims are procedurally defaulted (*id.* at 26, *et seq.*).

On June 2, 2015, Respondents filed a Notice of Errata (Doc. 16), providing a copy of the same Answer with .pdf bookmarks included.

**Reply** – In the Order filed June 4, 2015 (Doc. 17), the Court noted the filing of the Answer, and set a deadline of July 6, 2015 for a reply. To date, Petitioner has not replied in support of his petition.

### III.   APPLICATION OF LAW TO FACTS
**A.   TIMELINESS**
**1.   One Year Limitations Period**

Respondents assert that Petitioner's Petition is untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts. 28 U.S.C. § 2244(d). Petitions filed beyond the one year limitations period are barred and must be dismissed. *Id.*

Petitioner did not address timeliness in the Amended Petition. (Amend. Petition, Doc. 9 at 11.) He has not replied to address Respondents' contentions.

5

## 2. Commencement of Limitations Period

The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]

Here, Petitioner's direct appeal remained pending at least through December 19, 2006, when the Arizona Court of Appeals issued its Memorandum Decision (Exhibit X). Thereafter, on the basis of the order extending the deadline (Exhibit AA), Petitioner had until February 22, 2007 in which to seek review by the Arizona Supreme Court. He did not do so. Accordingly, his conviction became final by the conclusion of the time for direct review on February 22, 2007, his statute of limitations began running thereafter, and without any tolling expired one year later, on February 22, 2008.

## 3. Timeliness Without Tolling

### a) Relation Back to Original Petition

Petitioner's Amended Petition (Doc. 9) was filed on February 5, 2015. Respondents assume, for purposes of their response, that pursuant to Federal Rule of Civil Procedure 15(c), the Amended Petition relates back in time to the original Petition, filed September 15, 2014.

Because it does not affect the outcome, the undersigned likewise presumes for purposes of this Report and Recommendation (in Petitioner's favor), that the Amended Petition relates back to the filing of the original Petition.

### b) Prison Mailbox Rule

The original Petition was filed September 15, 2014, but was mailed from the

---

[3] Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Except as discussed hereinafter, Petitioner proffers no argument that any of these apply.

Arizona State Prison. "In determining when a pro se state or federal petition is filed, the 'mailbox' rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Petitioner proffers nothing apart from the return address on the envelope (Doc. 1-1) containing his original Petition, to suggest that his Petition was delivered to prison officials for mailing, or that it was delivered prior to its filing date. The Petition is undated and the certificate of delivery for mailing is not completed and is unsigned. (*See* Doc. 1 at 11.) Because it would be reasonable to assume that Petitioner did deliver his petition to prison officials for mailing, and to assume that it was done prior to the filing date, and because it does not affect the outcome, the undersigned presumes (in Petitioner's favor) that his Petition was delivered to prison officials for mailing on the date of the postmark, September 12, 2014, and that it should be deemed "filed" as of that date.

### c) Conclusion

As determined in subsection (1) above, without any tolling Petitioner's one year habeas limitations period expired no later than February 22, 2008, making his September 12, 2014 Petition over six and a half years delinquent.

### 4. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision only applies to state proceedings, not to federal proceedings. *Duncan v. Walker*, 533 U.S. 167 (2001).

**Properly Filed** - Statutory tolling of the habeas limitations period only results from state applications that are "properly filed," and an untimely application is never "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). On the other hand, the fact that the application may contain procedurally barred

claims does not mean it is not "properly filed." "[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." *Artuz v. Bennett*, 531 U.S. 4, 9 (2000).

Even if the state court provides alternative grounds for disposing of the state application, a ruling that the application was untimely precludes it from being "properly filed" and tolling the limitations period. *Carey v. Saffold*, 536 U.S. 214, 225-26 (2002). If the state court summarily disposes of a state application without identifying if it was on timeliness grounds, or otherwise fails to give a clear indication wehther it has deemed the application timely or untimely, the federal habeas court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006).

**<u>Mailbox Rule</u>** - For purposes of calculating tolling under § 2244(d), the federal prisoner "mailbox rule" applies. Under this rule, a prisoner's state filings are deemed "filed" (and tolling thus commenced) when they are delivered to prison officials for mailing. In *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000), the Ninth Circuit noted:

> [I]n *Saffold v. Newland*, 224 F.3d 1087 (9th Cir.2000), we squarely held that the mailbox rule applies with equal force to the filing of state as well as federal petitions, because "[a]t both times, the conditions that led to the adoption of the mailbox rule are present; the prisoner is powerless and unable to control the time of delivery of documents to the court." *Id*. at 1091.

*Id*. at 575.

Similarly, the "mailbox rule" applies to determining whether an Arizona prisoner's state filings were timely. Although a state may direct that the prison mailbox rule does not apply to filings in its court, *see Orpiada v. McDaniel,* 750 F.3d 1086, 1090 (9th Cir. 2014), Arizona has applied the rule to a variety of its state proceedings. *See e.g. Mayer v. State,* 184 Ariz. 242, 245, 908 P.2d 56, 59 (App.1995) (notice of direct appeal); *State v. Rosario,* 195 Ariz. 264, 266, 987 P.2d 226, 228 (App.1999) (PCR notice); *State v. Goracke,* 210 Ariz. 20, 23, 106 P.3d 1035, 1038 (App. 2005) (petition for review to

8

Case 2:14-cv-02049-DLR   Document 18   Filed 10/23/15   Page 9 of 14

Arizona Supreme Court).

**Application to Petitioner** - Petitioner's limitations period commenced running on February 23, 2007. Petitioner's First PCR proceeding was commenced on March 28, 2007, when he filed his first PCR notice (Exhibit CC). Because it does not affect the outcome, the undersigned presumes for purposes of this Report & Recommendation, that Petitioner delivered this notice to prison officials for mailing on the date of his signature, March 22, 2007. (*Id.* at 4.) At that time, 27 days of Petitioner's one year had expired, leaving him 338 days.

That proceeding remained pending at least until March 17, 2008, when it was dismissed. (Exhibit JJ, Order 3/17/08.) That Order was filed March 24, 2008. (*Id.*)

Although the Ninth Circuit has yet to directly address this issue, a number of other circuits have held that statutory tolling under 28 U.S.C. § 2244(d) also continues through the time that further state review could have been sought on a state post-conviction relief petition, even though it was not sought. For the reasons discussed in *Holemen v. Ryan,* CV12-02350-PHX-SRB, 2013 WL 3716603, at *4 (D. Ariz. July 15, 2013), the undersigned concludes that tolling continues until the expiration of time for further review. Respondents' reference to the *dicta* in *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (*see* Answer, Doc. 16 at 22) is just that, and does not address or resolve the issue. *But see Hines v. Bartos*, 2007 WL 1381655, *1 (D.Ariz.,2007) (CV 06-697-PHX-JAT) (concluding that " an appeal that is never filed cannot be considered timely and Petitioner cannot reap the benefit of statutory tolling without actually filing a petition for review of the post-conviction relief denial").

Here, Petitioner had 30 days after the CPR court ruled to seek review by the Arizona Court of Appeals. *See* Ariz. R. Crim. P. 32.9(c) (30 days to petition for review). Moreover, Arizona has broadly applied its rule expanding time limits by five days after service by mail, Arizona Rule of Criminal Procedure 1.3(a), to include time limits running from the issuance of court orders. *See e.g State v. Rabun*, 162 Ariz. 261, 782 P.2d 737 (1989) (applying Rule 1.3(a) to Rule 31.3 deadline for notices of appeal);

Case 2:14-cv-02049-DLR   Document 18   Filed 10/23/15   Page 10 of 14

*State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978) (applying Rule 1.3(a) to Rule 32.9(c) deadline for petition for review from denial of motion for rehearing in PCR proceeding); and *State v. Zuniga*, 163 Ariz. 105, 786 P.3d 956 (1990) (citing applying Rule 1.3 to time for notice of appeal delivered to attorneys' courthouse internal mailbox).

Because it does not affect the outcome, the undersigned presumes for purposes of this Report & Recommendation (in Petitioner's favor) that his first PCR proceeding remained pending until 35 days after the PCR court filed and mailed its ruling on March 24, 2008, or until Monday, April 28, 2008. Thus, under the foregoing presumptions, Petitioner's habeas limitations period was tolled from no more than March 22, 2007 until April 28, 2008. It commenced running again no later than April 29, 2009, and expired 338 days later, on April 2, 2010.

Petitioner's second PCR proceeding was not commenced until April 12, 2010, when Petitioner filed his first Motion for Leave to File Delayed Petition (Exhibit KK).[4] However, because that proceeding was dismissed as untimely (*id.*) it was not properly filed, and thus does not toll the running of the statute of limitations. *Pace*, 544 U.S. 408.[5]

Petitioner's third PCR proceeding was not commenced for over two years (in any event, no sooner than July 1, 2012, when he signed his Motion to Reinstate Rule 32 Proceedings (Exhibit RR)). Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Accordingly, Petitioner has no statutory tolling resulting from his second or third

---

[4] The PCR Court found that the Motion was filed on April 8, 2010. (Exhibit PP, M.E. 6/30/10.) The Motion was dated March 29, 2010. (Exhibit KK.)

[5] That proceeding was pending no longer than through June 30, 2010, then the PCR court mailed its Minute Entry (Exhibit PP) denying the motion. The 128 days between the arguable mailing of the Petition on March 29, 2010 and the expiration of the 35 days for further review on August 4, 2010, would not provide sufficient tolling to render the Petition timely.


PCR proceedings, and his limitations period expired no later than April 2, 2010, making his September 12, 2014 Petition almost four and a half years delinquent.

### 5. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.). Petitioner bears the burden of proof on the existence of cause for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner does not proffer any grounds for equitable tolling, and the undersigned finds none.

### 6. Actual Innocence

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas

11

petition raising a convincing claim of actual innocence." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013). To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This exception, referred to as the "*Schlup* gateway," applies "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.* at 1936 (quoting *Schlup,* 513 U.S. at 316).

Petitioner makes no such claim of actual innocence in this proceeding.

7. **Summary re Statute of Limitations**

Taking into account the available statutory tolling, Petitioner's one year habeas limitations period commenced running on February 23, 2007, and with the available statutory tolling, expired no later than April 2, 2010, making his Amended Petition (presumed to be filed as of September 12, 2014) almost four and a half years delinquent. Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay. Consequently, the Petition must be dismissed with prejudice.

B. **OTHER DEFENSES**

Because the undersigned concludes that Petitioner's Petition is plainly barred by the statute of limitations, Respondents other defenses are not reached.

IV. **CERTIFICATE OF APPEALABILITY**

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in

cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the procedural ruling is correct. Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, filed February 5, 2015 (Doc. 9) be **DISMISSED WITH**

**PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

### VI.   EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: October 23, 2015

James F. Metcalf
United States Magistrate Judge

14-2049r RR 15 10 21 on HC.docx