# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Limon Frausto,<br><br>            Petitioner,<br><br>v.<br><br>Arizona, State of, et al.,<br><br>            Respondents. | No. CV-14-02049-PHX-DLR<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf, (Doc. 18), regarding Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, (Doc. 9). The R&R recommends that the petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (Doc. 18 at 14 (citing Fed. R. Civ. P. 72(b)).) Respondent, the State of Arizona (the "State") filed its "Objections to Report and Recommendation" on November 3, 2015. (Doc. 19.) Petitioner did not respond.

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the R&R to which specific objections are made). The Court sustains the State's Objections, but agrees with the Magistrate Judge's determinations and accepts the recommended decision within the meaning of Rule 72(b).

*See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

In its Objection, the State agrees with the Magistrate Judge's conclusion, but challenges the R&R regarding the statutory tolling determination. The State agrees with the R&R that the 1-year statute of limitation of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") began running on February 23, 2007, the day after the time for direct review ended. The State also agrees with the R&R that the 1-year statute of limitations ran for 27 days until March 22, 2007, when Petitioner filed his first petition for post-conviction relief ("PCR") and was tolled until March 28, 2008, when the Maricopa County Superior Court dismissed Petitioner's PCR. However, the State disagrees with the R&R about there being any tolling of the statute of limitations after that. The period of tolling that is challenged in the objection is the time after the Superior Court dismissed the PCR until further state review *could have been sought* on a state PCR.

When a PCR proceeding is summarily dismissed and no further review is sought, statutory tolling ends. There is no statutory tolling after a PCR is dismissed and no further review is sought. *Hemmerle v. Schriro*, 495 F.3d 1069 (9th Cir. 2007). The end date for statutory tolling here was March 24, 2008, when the Superior Court summarily dismissed the PCR. AEDPA's 1-year statute of limitations began to run on March 25, 2008 and expired 338 days later on February 26, 2009.

**IT IS ORDERED** sustaining the objection to the Report and Recommendation, (Doc. 19). The 1-year AEDPA statute of limitations expired on February 26, 2009.

**IT IS FURTHER ORDERED** that Report and Recommendation of the Magistrate Judge, (Doc. 18), is accepted with the exceptions noted above.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of the Petition is justified by a plain procedural bar.

1 **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, (Doc. 9), with prejudice. The Clerk shall terminate this action.

Dated this 8th day of December, 2015.

Douglas L. Rayes
United States District Judge